Argued and submitted May 28, reversed July 22, 2015

In the Matter of O. C.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. L. M.
and B. M. C.,
*Appellants.*

Multnomah County Circuit Court
14JU01451;
Petition Number 110668;
A158285

355 P3d 944

Caitlin Mitchell argued the cause and filed the briefs for appellant J. L. M.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant B. M. C. With her on the opening brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. With her on the reply brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Jona J. Maukonen, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

In this dependency case, the juvenile court assumed jurisdiction over parents' child based on mother's narcolepsy and parents' substance abuse and lack of appreciation of the risks it posed to the child. Parents appeal, contending that the state failed to present legally sufficient evidence to establish that the child's condition and circumstances were such as to endanger her welfare. ORS 419B.100(1)(c). We agree and reverse.

Under ORS 419B.100(1)(c), a juvenile court may assume jurisdiction over a child if the child's condition or circumstances give rise to a current risk of serious loss or injury and there is a reasonable likelihood that the risk will be realized. *Dept. of Human Services v. S. P.*, 249 Or App 76, 84, 275 P3d 979 (2012); *Dept. of Human Services v. C. Z.*, 236 Or App 436, 440, 236 P3d 791 (2010). When the alleged condition or circumstances relate to the parents' conduct, the state bears the burden of establishing a nexus between the parents' conduct and a reasonably likely risk of harm to the child. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 62, 308 P3d 307 (2013). The risk must be nonspeculative and must exist at the time of the jurisdictional hearing. *Dept. of Human Services v. W. A. C.*, 263 Or App 382, 403, 328 P3d 769 (2014).

In reviewing the trial court's judgment, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013); *see also Dept. of Human Services v. D. H.*, 269 Or App 863, 865-66, 346 P3d 527 (2015) (applying standard).

Parents contend that the state failed to present legally sufficient evidence to establish that, at the time of the hearing, the alleged condition and circumstances presented a risk of harm to the child of the type required for jurisdiction. In response, the state contends that there is evidence that mother's narcolepsy created a risk of harm to the child in combination with father's potential impairment from methamphetamine use.

We have reviewed the record, and we agree with parents that the state failed to present evidence from which it could be concluded that the alleged condition and circumstances exposed the child to a current risk of serious loss or injury that was reasonably likely to be realized. *See C. Z.,* 236 Or App at 443-44 (the burden is on the state to show that an alleged risk of harm is, in fact, present, and a parent's substance abuse alone does not create a risk of harm to a child sufficient to support jurisdiction). Here, the Department of Human Services has presented no more than generalized assumptions that the alleged condition and circumstances created a risk of harm of the type required for jurisdiction.

Reversed.